UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| A&J MANUFACTURING, LLC et al., § | | |
| § | | |
| § | Civil Action No. 2:13-cv-00113 | |
| *Plaintiffs,* § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | | |
| ACADEMY, LTD. et al., § | | |
| § | | |
| *Defendants.* § | | |

**DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION**

A&J proposes that the Parties continue to spend substantial resources litigating a patent, U.S. Patent No. 8,381,712 ("the '712 Patent"), when the United States Patent and Trademark Office ("USPTO") has already finally rejected all of the claims of the '712 Patent. Accordingly, Defendants respectfully request that the Court continue to stay this litigation while reexamination proceedings are conducted at the USPTO. A review of the reexamination proceedings supports the conclusion that the case should be stayed until that matter is resolved.

**I.   OVERVIEW OF THE REEXAMINATION PROCESS**

As the Court is aware, the '712 Patent is undergoing reexamination at the USPTO. In summary, reexamination is a way for an accused infringer (or other third party) to challenge the validity of the claims in a patent other than in a district court. Once a reexamination is initiated, a panel of experienced examiners within a specialized unit of the USPTO (the "Central Reexamination Unit" or "CRU") decides whether the claims of the patent are valid. The patent owner has the opportunity to respond to the examiner and amend its claims, if it chooses, to attempt to address issues identified by the examiners. However, in an *ex parte* reexamination, after the third party files the request for reexamination, the third party is not permitted to

1

participate any further in the reexamination proceedings. During reexamination, the USPTO may issue what is called a "Final Office Action" rejecting or confirming the validity of the examined claims.

If the patent owner disagrees with the findings of the examiners, it has the right to appeal to the Patent Trial and Appeal Board (PTAB). After a typical round of briefing between the patent owner and the USPTO—appeal, response, reply—a panel of administrative patent judges will review the rejections discussed by the patent owner in its appeal brief. The PTAB then affirms or reverses the examiner. If affirmed, the patent owner may appeal to the Court of Appeals for the Federal Circuit.[1]

When reexamination proceedings conclude, including any appeals, the USPTO will issue a certificate of reexamination cancelling any claim of the patent found to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any amended or new claim found to be patentable.

## II.     FACTS SURROUNDING REEXAMINATION OF THE '712 PATENT

After fully considering A&J's arguments and evidence during the reexamination, the USPTO issued its Final Office Action rejecting of all claims of the '712 Patent on April 7, 2017. A&J has filed a Notice of Appeal for review by the PTAB, but A&J has twice tried to delay briefing its appeal based on an unusual procedural challenge to the proceeding. In addition to its Notice of Appeal, A&J also responded to the Final Office Action by filing a "Petition to the Director" on May 24, 2017, asking the Director of the USPTO to *vacate* the grant of

---

[1] The standard of review of the administrative action by the USPTO by the Article III court is de novo for the PTAB's legal conclusions, while its factual findings are reviewed for substantial evidence. *In re Kahn*, 441 F.3d 977, 985 (Fed. Cir. 2006).

reexamination (and, of course, its rejection of the claims).[2]  As noted by A&J during the status conference before this Court, the USPTO has not yet ruled on that petition.  Notably, A&J's arguments in its May 2017 Petition to Vacate are an expanded version of an argument it made in an earlier (December 2016) Response to the USPTO; the USPTO's April 2017 Final Office Action acknowledged these arguments and expressly declined to consider them.  *See* Exhibit A, Final Office Action at 15.

A&J has not sought to expedite these reexamination proceedings.  Rather, A&J has sought several extensions of time to complete filings.  Most recently, on August 17, 2017, A&J requested a further one-month extension to file its appeal brief, thereby making its appeal brief due on October 7, 2017.  The USPTO has rejected this request.  Thus, A&J's appeal brief is due on September 7, 2017.  This is not the first extension of time that A&J has requested during the reexamination proceedings.  Rather, while not all of A&J's extension requests have been granted, this was the third time that A&J has sought an extension of deadlines.  Once A&J files its appeal brief in the reexamination proceedings, the USPTO will have two months to respond.  A&J will then have two months to submit a reply brief, should it choose to do so, before the appeal will be submitted to the PTAB for decision.  Assuming briefing proceeds as currently scheduled, the appeal briefing would complete and the case would be received by the PTAB around January-February 2018.  According to the latest available statistics from the USPTO, the average length of time from receipt by the Board to a final decision affirming or reversing the reexamination is 7.3 months.[3]  So, on average and assuming no further delays by A&J, the PTAB

---

[2] The USPTO ordered reexamination ten months before A&J filed its petition, although A&J waited until the *final* rejection of its claims to file a challenge to the authority to begin the proceeding.
[3] *See* USPTO Appeal and Interference Statistics, Patent Trial and Appeal Board, 4 (July 2017), *available* *at*

appeal ought to complete in September or October 2018.

### III. THE COURT SHOULD STAY THESE PROCEEDINGS PENDING THE '712 PATENT REEXAMINATION PROCEEDINGS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). While a patent-in-suit is reexamined, a stay of underlying patent litigation by the district court is "generally favored." *Lentek, Int'l v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001). In determining whether to stay litigation until reexamination concludes, several factors should be considered: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also YKK Corp. v. Silver Line Bldg. Prods. Corp.*, 3:05-CV-155 (S.D. Ga. May 14, 2007). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, Civ. No. 2:04-cv-32, 2008 WL 4809093, at *1 (E.D. Tex. Oct. 29, 2008). As explained below, each of these factors favor a stay.

#### A. A&J Will Not Be Unduly Prejudiced by a Stay

Granting a stay would not unduly prejudice A&J or present a clear tactical advantage to Defendants. Unlike typical district court patent litigation, A&J and most Defendants litigated the patent-at-issue in the International Trade Commission (ITC). During the ITC proceedings, which have concluded, the Defendants pulled the products that A&J accused of infringement off

---

https://www.uspto.gov/sites/default/files/documents/appeal%20and%20interference%20statisics%20july%202017.pdf

the market and designed and now offer new grill products that either A&J agreed or the ITC found do not infringe the '712 Patent. As this Court has heard in the hearings to date, A&J agrees that the Defendants' current products do not infringe. Thus, there is no ongoing harm to remedy in this action—A&J only seeks damages for alleged *past* infringement of the '712 Patent. A&J's claim for monetary damages would be fully preserved during a stay.

Further, even if A&J convinces the Director of the USPTO that it was wrong to institute the reexamination or convinces the PTAB (or the Federal Circuit) that the examiner erred, A&J still can recover pre-judgment interest to provide full compensation during the period of the stay (assuming there is any infringement finding in this Court). Thus, there is no prejudice to A&J from the entry of a stay because any damage can be remedied by money. *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 752 (E.D. Tex. 2006) (finding "the availability of money damages is sufficient to protect plaintiff from prejudice").

Delays inherent to the reexamination process do not alone constitute undue prejudice. *See, e.g.*, *Photoflex Prods. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *5 (N.D. Cal. May 24, 2006) ("[t]he delay inherent to the process of the U.S. Patent and Trademark Office's reexamination of a patent claim does not constitute, by itself, undue prejudice"). This is particularly true here where (a) the matter is far along and (b) A&J itself has taken steps to extend the timeline for the reexamination. While the Defendants before this Court have no control over the events before the USPTO, the same cannot be said for A&J: It is A&J's choice to pursue its appeal rights before the PTAB and any Article III court appeals thereafter, and it is A&J's choice to delay—and to attempt to further delay—the briefing on its appeal. Any concerns that A&J has about the indeterminate timing of the procedure before the USPTO and

any courts of further review can be mitigated by A&J promptly filing its appeal briefing to (by USPTO Rule) trigger the USPTO's response or submission for review.

To the extent that there is any prejudice, it does not outweigh the advantages of maintaining the stay. Staying the case would not cause an undue delay in getting the case to trial, should that be necessary. A stay also will save the Parties the expense of having to supplement or re-draft infringement or invalidity contentions after the reexamination concludes. In fact, a stay would obviate the need for any such contentions should the decision that the '712 Patent is invalid were to stand. There are no allegations that any party will have problems finding experts or witnesses after more time has passed. Accordingly, this factor weighs heavily in favor of entering a stay.

### B.     A Stay Will Simplify Issues Before the Court

Granting a stay will necessarily simplify the issues before the Court. There is an inherent risk in any situation where two tribunals address the same issue; however, absent a stay the parties "may end up conducting a significantly wider scope of discovery than necessary, and the court may waste time examining the validity of claims which are modified or eliminated altogether during reexamination." *Guthy-Renker v. Icon Health & Fitness Inc.*, 1998 WL 670240, 48 U.S.P.Q.2d 1058, 1060-61 (C.D. Cal. July 15, 1998). The USPTO has already found the claims of the '712 Patent not to be patentable in the reexamination proceedings, a decision which A&J is appealing.

At this point, A&J's *only choice* to maintain its allegation of infringement is a series of appeals and a "hail Mary" of a procedural challenge to the Director. An affirmance of the examiner by the PTAB (or the Federal Circuit, if A&J chooses to keep up the fight) would end this litigation. It would not be a good use of the Court's time and resources to conduct a claim

6

construction hearing and trial when the patent may not even emerge out of reexamination. It makes sense to allow the USPTO to conclusively determine the patentability and final language of the claims before the Parties continue with the case, if it needs to continue at all. A decision by the USPTO will determine what claims A&J will have, the scope of these claims, and whether any surviving claims apply to Defendants' products, thus simplifying discovery, defenses, and other issues. Here, the USPTO has finally rejected all of the claims in the patent-at-issue; if that decision is upheld on appeal, there will be **_no_** issues remaining for this Court to decide. Accordingly, this factor also weighs heavily in favor of entering a stay.

### C. No Discovery Has Been Conducted and No Trial Date Is Set

Finally, this case is in its infancy. The case has been stayed pending resolution of the ITC proceedings. Accordingly, no discovery has been conducted, and no trial date has been set. In effect, nothing has happened in this case outside of a status conference and a follow-up phone conference with the Court. Even though the case has already been stayed for some time, continuing the stay while A&J pursues its appeal(s) will not indefinitely drag out this proceeding, as A&J hinted at the last status conference. Assuming no further stalling by A&J, the PTAB appeal should complete about a year from now according to average statistics by the USPTO.

Last, the Court could administratively close this case during the pendency of A&J's appeals and until a final conclusion of the reexamination, with a right of A&J to request reopening if any claims emerge from the proceeding as valid.

The early stage of this litigation therefore strongly favors entering a stay.

### IV. CONCLUSION

As all factors heavily weigh in favoring of entering a stay, Defendants respectfully

request that the Court continue to stay this litigation until conclusion of the reexamination proceedings at the USPTO. As the Court is aware, the Defendants in the other cases involving the '712 Patent concur that the case should be stayed until the reexamination is resolved. Defendants expect that the same or similar motion will be filed in the other cases.

Dated: August 31, 2017                    Respectfully submitted,

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Attorney-in-Charge
State Bar No. 24002418
Kirby B. Drake
State Bar No. 24036502
**KLEMCHUK LLP**
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, TX 75206
Telephone:    (214) 367-6000
Facsimile:    (214) 367-6001
Email: darin.klemchuk@klemchuk.com
          kirby.drake@klemchuk.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

Defendants confirm that the Motion has been served on all counsel of record via the CM/ECF system, this 31st day of August, 2017.

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk

8